1

2

3

4

5

6

7

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

8  KENNETH PEARSON,                          CASE NO. 1:11-CV-00072-DLB PC

9                    Plaintiff,              ORDER DISMISSING COMPLAINT FOR
                                             FAILURE TO STATE A CLAIM WITH
10         v.                                LEAVE TO AMEND (DOC. 1)

11  JAMES A. YATES, et al.,                  RESPONSE DUE WITHIN THIRTY DAYS

12                    Defendants.

13  _____/

14

15                              **Screening Order**

16  **I.     Background**

17         Plaintiff Kenneth Pearson ("Plaintiff") is a prisoner in the custody of the California

18  Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se in this

19  civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff initiated this action by filing his

20  complaint on January 13, 2011.

21         The Court is required to screen complaints brought by prisoners seeking relief against a

22  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

23  Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

24  legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or

25  that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C.

26  § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been

27  paid, the court shall dismiss the case at any time if the court determines that . . . the action or

28  appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. §

1

1  1915(e)(2)(B)(ii).

2      A complaint must contain "a short and plain statement of the claim showing that the

3  pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

4  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

5  conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing

6  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual

7  matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*,

8  550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*

9  **II.      Summary Of Complaint**

10     Plaintiff was incarcerated at Pleasant Valley State Prison ("PVSP") in Coalinga,

11  California, where the events giving rise to this action occurred. Plaintiff names as Defendants:

12  warden James A. Yates; chief medical officer Felix Ibginosa; physician's assistant Randolph

13  Wilson, registered nurse M. Griffith, health care appeals coordinators Nesbitt and Martinez, and

14  John Doe 1, a medical doctor, and 2 through 5, primary care office assistants.

15     Plaintiff alleges the following. Plaintiff was previously diagnosed with cocci infection

16  stemming from valley fever. Plaintiff suffered numerous complications from the cocci infection,

17  including pneumonia and bronchitis, from November 2009 to March 2010.

18     Plaintiff started to suffer pain and swelling in his lower back on March 5, 2010. Plaintiff

19  met with Defendant Wilson on March 15, 2010. Plaintiff complained of his back pain, which

20  had become severe and disabling, as well as swelling. Defendant Wilson did not diagnose the

21  pain or swelling. Defendant Wilson noted occasional back pain and promised to refer him to

22  Correctional Treatment Center (CTC), and prescribe pain medication. None was done.

23     On March 26, 2010, Plaintiff submitted a Health Care Services Request Form CDC 7362,

24  complaining of his severe pain. On March 29, 2010, Plaintiff submitted a second CDC 7362,

25  complaining that the severe pain inhibited his ability to eat or walk. Plaintiff had been referred

26  for x-rays, but had yet to be seen by anyone. Defendant Griffith received the first CDC 7362, and

27  responded to the second CDC 7362 by scheduling Plaintiff for the MD line on March 30, 2010.

28  Plaintiff was later seen by Defendants Wilson and Doe 1, who ordered an x-ray, prescribed

1   capsaicin, a topical cream for arthritis, and methcarbamol, a sedative for musculoskeletal pain.

2   Plaintiff received no pain relief.

3          Plaintiff filed a CDC 602 inmate appeal on April 5, 2010, and a third CDC 7362 on April

4   8, 2010.  On April 12, 2010, Defendant Griffith saw Plaintiff, noted a 15 by 10 centimeter

5   growth near Plaintiff's spinal column, and scheduled an urgent MD line appointment within 24

6   hours.  The appointment did not occur.  On April 18, 2010, Plaintiff filed a second CDC 602,

7   complaining of never receiving his MD line appointment.  On April 19, 2010, Plaintiff was seen

8   by Defendant Griffith who noted a 4 by 5 inch swollen area on his back, and sharp pain.  Plaintiff

9   was scheduled for MD line appointment again, but did not receive it.

10         On April 21, 2010, Plaintiff filed a third CDC 602 inmate appeal and another CDC 7362

11   form.  Plaintiff also wrote letters to the Prison Law Office and to Clark Kelso.  On April 26,

12   2010, the Prison Law Office contacted a deputy attorney general.  Plaintiff was seen on April 29,

13   2010, by Defendant Wilson, who examined Plaintiff, prescribed Tylenol 3 for the pain, and

14   transferred Plaintiff to Mercy medical center.  Plaintiff was treated for over two and a half

15   months for disseminated cocci and related abscess.

16         Plaintiff contends a violation of the Eighth Amendment.  Plaintiff requests as relief

17   compensatory and punitive damages, full medical coverage for life, and fees and costs of suit.

18   **III.    Analysis**

19         The Eighth Amendment prohibits cruel and unusual punishment.  "The Constitution does

20   not mandate comfortable prisons." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation and

21   citation omitted).  A prisoner's claim of inadequate medical care does not rise to the level of an

22   Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal

23   civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate

24   indifference in doing so.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting

25   *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)).  The deliberate

26   indifference standard involves an objective and a subjective prong.  First, the alleged deprivation

27   must be, in objective terms, "sufficiently serious . . . ." *Farmer*, 511 U.S. at 834 (citing *Wilson v.*

28   *Seiter*, 501 U.S. 294, 298 (1991)).  Second, the prison official must "know[] of and disregard[]

3

1   an excessive risk to inmate health or safety . . . ."  *Id.* at 837.

2          "Deliberate indifference is a high legal standard."  *Toguchi*, 391 F.3d at 1060.  "Under

3   this standard, the prison official must not only 'be aware of the facts from which the inference

4   could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the

5   inference.'"  *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837).  "'If a prison official should have

6   been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no

7   matter how severe the risk.'"  *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175,

8   1188 (9th Cir. 2002)).

9          Plaintiff contends that Defendants Wilson and Doe 1 showed deliberate indifference by

10  failing to adequately examine Plaintiff.  Pl.'s Compl. 10.[1]  Plaintiff fails to state a § 1983 claim.

11  Plaintiff's claims do not rise to the level of deliberate indifference.  Plaintiff's claims amount at

12  most to negligence.  *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("Medical malpractice does

13  not become a constitutional violation merely because the victim is a prisoner."); *Jett v. Penner*,

14  439 F.3d 1091, 1096 (9th Cir. 2006) (holding that isolated occurrences of neglect do not

15  constitute deliberate indifference to serious medical needs).

16         Plaintiff contends that Defendants Wilson and Doe 1 were deliberately indifferent f or

17  failing to provide any pain medication between March 15 to March 30, and April 10 to April 29,

18  and for failing to provide adequate pain medication between March 30 and April 9.  Pl.'s Compl.

19  11.  Plaintiff fails to state a § 1983 claim.  Based on Plaintiff's allegations, Plaintiff was referred

20  for an x-ray, and pain medication would be prescribed.  Plaintiff then received pain medication.

21  Though the pain medication was allegedly inadequate, Plaintiff's allegations do not demonstrate

22  that Defendants Wilson and Doe 1 were deliberately indifferent.  Again, Plaintiff's claims

23  amount at most to negligence.

24         Plaintiff contends that Defendants Griffith and Does 2 through 5, demonstrated deliberate

25  indifference by failing to schedule Plaintiff for the MD line on four separate occasions.    Pl.'s

26  Compl. 11.  Plaintiff fails to state a § 1983 claim.  Plaintiff's claims indicate that Defendant

27

28         [1]  The Court uses the page numbering from the court docket.

4

1  Griffith did schedule Plaintiff to be seen by a medical doctor within twenty-four hours.

2  Defendant's actions were reasonable under the circumstances. *Farmer*, 511 U.S. at 844-45/

3  Plaintiff's pleadings do not demonstrate that Defendant Griffith disregarded an excessive risk of

4  serious harm to Plaintiff's health.

5        Plaintiff contends that Defendants Nesbitt and Martinez were deliberately indifferent

6  because they failed to implement and enforce an inmate medical appeals procedure that would

7  have led to Plaintiff being seen in a timely manner.  Pl.'s Compl. 11-12.  Plaintiff fails to state a

8  § 1983 claim.  Defendants Nesbitt and Martinez interacted with Plaintiff through the

9  administrative grievance process.  There are no other allegations that demonstrate these

10 Defendants knew of and disregarded an excessive risk of serious harm to Plaintiff.

11       Plaintiff contends that Defendant Igbinosa and Yates were deliberately indifferen by

12 failing to provide adequate medical care, supervise or train their personnel, or correcting alleged

13 systemic deficiencies in the medical services at PVSP.  Pl.'s Compl. 12-13.  Plaintiff fails to state

14 a § 1983 claim. The term "supervisory liability," loosely and commonly used by both courts and

15 litigants alike, is a misnomer. *Iqbal*, 129 S. Ct. at 1949.  "Government officials may not be held

16 liable for the unconstitutional conduct of their subordinates under a theory of *respondeat*

17 *superior*." *Id.* at 1948.  Rather, each government official, regardless of his or her title, is only

18 liable for his or her own misconduct.

19       When the named defendant holds a supervisorial position, the causal link between the

20 defendant and the claimed constitutional violation must be specifically alleged. *See Fayle v.*

21 *Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir.

22 1978).  To state a claim for relief under § 1983 for supervisory liability, plaintiff must allege

23 some facts indicating that the defendant either: personally participated in the alleged deprivation

24 of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated

25 or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional

26 rights' and is 'the moving force of the constitutional violation.'" *Hansen v. Black*, 885 F.2d 642,

27 646 (9th Cir. 1989) (internal citations omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.

28 1989).

1    Here, Plaintiff fails to allege sufficient facts to demonstrate that either Defendants

2  Igbinosa or Yates personally participated in the alleged deprivation of Plaintiff's constitutional

3  rights, knew of constitutional violations and failed to act, or promulgated or implemented a

4  policy that is the moving force of a constitutional violation.

5  **IV.     Conclusion And Order**

6    Plaintiff fails to state any cognizable claims against any Defendants.  The Court will

7  provide Plaintiff with an opportunity to file a first amended complaint curing the deficiencies

8  identified by the Court in this order.  *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

9  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended

10  complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

11    If Plaintiff decides to amend, Plaintiff's amended complaint should be brief, Fed. R. Civ.

12  P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's

13  constitutional or other federal rights.  *Iqbal*, 129 S. Ct. at 1949.   Although accepted as true, the

14  "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . .

15  ."  *Twombly*, 550 U.S. at 555.

16    Finally, Plaintiff is advised that an amended complaint supersedes the original complaint,

17  *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567

18  (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded

19  pleading," L. R. 220.  Plaintiff is warned that "[a]ll causes of action alleged in an original

20  complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567

21  (citing to *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981)); *accord Forsyth*,

22  114 F.3d at 1474.

23    Accordingly, based on the foregoing, it is HEREBY ORDERED that:

24    1.    The Clerk's Office shall send Plaintiff a complaint form;

25    2.    Plaintiff's complaint is dismissed for failure to state a claim, with leave to file a

26        first amended complaint within **thirty (30) days** from the date of service of this

27        order;

28    3.    Plaintiff should not add new and unrelated claims to his amended complaint and

1    any attempt to do so may result in the amended complaint being stricken; and

2    4.    If Plaintiff fails to comply with this order, the Court will dismiss this action for

3        failure to obey a court order and failure to state a claim.

4    IT IS SO ORDERED.

5    Dated:    **August 2, 2011**                    /s/ **Dennis L. Beck**
                                        UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28