# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH PEARSON, | CASE NO. 1:11-CV-00072-DLB PC |
| Plaintiff, | ORDER DISMISSING ACTION FOR FAILURE TO STATE A CLAIM |
| v. | (DOC. 6) |
| JAMES A. YATES, et al., | |
| Defendants. | |

## Screening Order

### I.   Background

Plaintiff Kenneth Pearson ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action by filing his complaint on January 13, 2011. Doc. 1. On August 3, 2011, the Court screened Plaintiff's complaint and dismissed it for failure to state a claim with leave to amend. Doc. 4. On September 2, 2011, Plaintiff filed his first amended complaint. Doc. 6.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been

paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*

## II.     Summary of First Amended Complaint

Plaintiff is currently incarcerated at the Correctional Training Facility in Soledad, California. The events giving rise to this action occurred while Plaintiff was incarcerated at Pleasant Valley State Prison ("PVSP") in Coalinga, California. Plaintiff names the following as Defendants: warden James A. Yates; chief medical officer Felix Igbinosa; physician's assistant Randolph Wilson; registered nurse M. Griffith; health care appeals coordinators Nesbitt and Martinez; John Doe 1, a medical doctor; and John Does 2 through 5, primary care office assistants.

Plaintiff alleges the following: In August 2008, Plaintiff was diagnosed with a cocci infection (valley fever). Between November 2009 and March 2010, Plaintiff suffered numerous complications from the cocci infection, including pneumonia and bronchitis. Plaintiff claims that more than 900 prisoners and 30 staff members have contracted valley fever at PVSP and that over a dozen prisoners and one staff member have died from the disease.

On March 5, 2010, Plaintiff began suffering pain and swelling in his lower back. Plaintiff met with Defendant Wilson on March 15, 2010, for a regularly scheduled follow-up visit regarding his cocci infection. Plaintiff complained of his back pain, which had become severe and disabling. He also complained of the swelling. Defendant Wilson did not diagnose the

pain or swelling. Defendant Wilson noted occasional back pain and promised to refer Plaintiff to Correctional Treatment Center (CTC), and prescribe pain medication. Defendant Wilson did not refer Plaintiff or prescribe medication.

On March 26, 2010, Plaintiff submitted a Health Care Services Request Form CDC 7362, complaining of back pain. On March 29, 2010, Plaintiff submitted a second CDC 7362, complaining of extreme pain that inhibited his ability to sleep, eat or walk. Plaintiff had been referred to CTC for x-rays by Defendant Wilson, but Plaintiff had not been seen by anyone.

On March 29, 2010, Defendant Griffith received the first CDC 7362. On March 30, 2010, Defendant Griffith responded to the second CDC 7362 by scheduling Plaintiff for the MD line that same day. That evening, Plaintiff was seen by Defendants Wilson and Doe 1, who ordered an x-ray, prescribed capsaicin, a topical cream for arthritis, and methcarbamol, a sedative for musculoskeletal pain. They also referred Plaintiff to the MD line in 30 days. Plaintiff received no pain relief from the cream or medication.

Plaintiff filed a CDC 602 inmate appeal on April 5, 2010, and a third CDC 7362 on April 8, 2010. On April 12, 2010, Defendant Griffith saw Plaintiff, noted a 15 by 10 centimeter growth over Plaintiff's spinal column, and scheduled an urgent MD line appointment within 24 hours. Plaintiff never received the appointment.

On April 18, 2010, Plaintiff filed a second CDC 602, complaining of never receiving his MD line appointment. He also filed another CDC 7362, complaining that the swelling had grown larger and that he had not seen the doctor. On April 19, 2010, Plaintiff was seen by Defendant Griffith who noted a 4 by 5 inch swollen area on his back, and sharp pain. Defendant Griffith scheduled Plaintiff for a MD line appointment within 24 hours. Plaintiff did not receive it.

On April 21, 2010, Plaintiff filed a third CDC 602 inmate appeal and another CDC 7362 form. Plaintiff also wrote letters to the Prison Law Office and to Clark Kelso asking for assistance.

On April 23, 2010, Defendant Griffith saw Plaintiff and scheduled an urgent MD line appointment. Plaintiff did not receive the appointment. Plaintiff filed another CDC 602 inmate

3

1 appeal complaining that he had not received the appointment.

2   On April 26, 2010, the Prison Law Office contacted a deputy attorney general asking that Plaintiff's condition be reviewed. Plaintiff was seen on April 29, 2010, by Defendant Wilson, who examined Plaintiff, prescribed Tylenol 3 for the pain, and transferred Plaintiff to Mercy Medical Center. Plaintiff was treated at Mercy Medical Center for two and a half months for disseminated cocci and related abscess.

  Plaintiff contends a violation of the Eighth Amendment. Plaintiff seeks compensatory and punitive damages, full medical coverage for life, injunctive relief and fees and costs of suit.

**III.   Analysis**

  The Eighth Amendment prohibits cruel and unusual punishment. "The Constitution does not mandate comfortable prisons." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation and citation omitted). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." *Id.* at 837.

  "Deliberate indifference is a high legal standard." *Toguchi*, 391 F.3d at 1060. "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

  As with his original complaint, Plaintiff contends that Defendants Wilson and Doe 1

4

showed deliberate indifference by failing to adequately examine him and conduct tests. Amend. Compl. 11.[1] Plaintiff fails to state a § 1983 claim. Plaintiff's claims of an inadequate examination amount to negligence and do not rise to the level of deliberate indifference. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."); *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (holding that isolated occurrences of neglect do not constitute deliberate indifference to serious medical needs).

Plaintiff again contends that Defendants Wilson and Doe 1 were deliberately indifferent for failing to provide any pain medication between March 15 to March 30, and April 10 to April 29, 2010, and for failing to provide adequate pain medication between March 30 and April 9, 2010. Amend. Compl. 12. Plaintiff fails to state a § 1983 claim. Based on Plaintiff's allegations, Plaintiff was referred for an x-ray and prescribed medications. Although the medications were allegedly inadequate for his pain, Plaintiff's allegations do not demonstrate that Defendants Wilson and Doe 1 were deliberately indifferent. Again, Plaintiff's claims amount to negligence, not deliberate indifference.

Plaintiff next contends that Defendants Griffith and Does 2 through 5 demonstrated deliberate indifference by failing to schedule him for the MD line on four occasions. Amend. Compl. 12. As with his original complaint, Plaintiff fails to state a § 1983 claim. According to Plaintiff's amended claims, Defendant Griffith scheduled Plaintiff to be seen by a medical doctor on four separate occasions. On one of those occasions, Plaintiff was seen by a medical doctor the same day as the referral by Defendant Griffith. Defendant Griffith's actions were reasonable under the circumstances. Accordingly, Plaintiff fails to demonstrate that Defendant Griffith disregarded an excessive risk of serious harm to Plaintiff. *Farmer*, 511 U.S. at 844-45. Plaintiff's amended pleading does not include any allegations against Defendants Does 2 through

---

[1] The Court uses the page numbering from the court docket.

5

5. As such, Plaintiff does not state a § 1983 claim against them.

Plaintiff further contends that Defendants Nesbitt and Martinez were deliberately indifferent because they failed to implement and enforce an inmate medical appeals procedure that would have made it possible to review Plaintiff's appeals in a timely manner.  Amend. Compl. 12.  As with his original complaint, Plaintiff fails to state a § 1983 claim. "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (citing *Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); *see also Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); *Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment." *Azeez*, 568 F. Supp. at 10; *Spencer v. Moore*, 638 F. Supp. 315, 316 (E.D. Mo. 1986).  Actions in reviewing a prisoner's administrative appeal cannot serve as the basis for liability under a section 1983 action.  Plaintiff's only allegations against Defendants Nesbitt and Martinez relate to the administrative grievance process and do not state a § 1983 claim.  There are no other allegations that demonstrate these Defendants knew of and disregarded an excessive risk of serious harm to Plaintiff.

Plaintiff claims that Defendants Igbinosa and Yates were deliberately indifferent by failing to provide adequate health care, failing to hire and supervise adequate medical staff, failing to implement adequate procedures for health care and failing to correct systemic deficiencies in the medical care at PVSP.  Amend. Compl. P. 13-14.  Plaintiff again fails to state a § 1983 complaint against Defendants Igbinosa and Yates based on their supervisory roles.  The term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. *Iqbal*, 129 S. Ct. at 1949.  "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Id.* at 1948.  Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct.

When the named defendant holds a supervisor position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). To state a claim for relief under § 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implement[ed] a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff fails to state a claim against Defendants Igbinosa or Yates. Plaintiff fails to allege facts indicating that Defendants personally participated in an alleged constitutional deprivation, knew of constitutional violations and failed to act, or promulgated or implemented a policy that was so deficient as to be the moving force of a constitutional violation.

**IV.    Conclusion And Order**

Plaintiff fails to state a cognizable § 1983 claim against any Defendants. Plaintiff was previously provided leave to amend to cure the deficiencies identified herein, but was unable to do so. Therefore, further leave to amend will not be granted. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).

Accordingly, pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e), this action is HEREBY DISMISSED, with prejudice, based on Plaintiff's failure to state a claim upon which relief may be granted under § 1983. This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g). *Silva v. Di Vittorio*, 658 F.3d 1090, 1098-99 (9th Cir. 2011).

IT IS SO ORDERED.

Dated:   **December 5, 2011**                    **/s/ Dennis L. Beck**
                                                                UNITED STATES MAGISTRATE JUDGE