# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH PEARSON,<br><br>    Plaintiff,<br><br>  v.<br><br>JAMES A. YATES, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:11-CV-00072-DLB PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(DOC. 10) |

  Plaintiff Kenneth Pearson ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action by filing his complaint on January 13, 2011. On August 3, 2011, the Court screened Plaintiff's complaint and dismissed it for failure to state a claim, with leave to amend. On September 2, 2011, Plaintiff filed his first amended complaint. On December 6, 2011, the Court dismissed the action for failure to state a claim. Pending before the Court is Plaintiff's motion to alter or amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, filed December 27, 2011. Doc. 10.

    In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law.

*Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). "Since specific grounds for a

1   motion to amend or alter are not listed in the rule, the district court enjoys considerable
2   discretion in granting or denying the motion." *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1
3   (9th Cir. 1999) (en banc) (per curiam) (internal quotation marks omitted). Amending a judgment
4   after its entry remains "an extraordinary remedy which should be used sparingly." *Id.* (internal
5   quotation marks omitted).  This Court's Local Rule 230(j)  requires a party seeking
6   reconsideration to demonstrate "what new or different facts or circumstances are claimed to exist
7   which did not exist or were not shown upon such prior motion, or what other grounds exist for
8   the motion . . . and . . . why the facts or circumstances were not shown at the time of the prior
9   motion."

10      Plaintiff presents no new facts or law that merit reconsideration of the Court's order.
11  Plaintiff copies an article from a newspaper dated November 30, 2011, which makes passing
12  reference to the CDCR's health care system under receivership.  This does not raise any new
13  argument. Accordingly, Plaintiff's motion for reconsideration, filed December 27, 2011, is
14  denied.

15      IT IS SO ORDERED.

16      Dated:   **January 4, 2012**                    /s/ **Dennis L. Beck**
                                                    UNITED STATES MAGISTRATE JUDGE

2